1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ISAAC TORRES,

               Petitioner,

     v.

ALEX VILLANUEVA,

               Respondent.

Case No. 2:21-cv-005546-RGK-JDE

ORDER TO SHOW CAUSE WHY
THE PETITION SHOULD NOT BE
DISMISSED

On July 8, 2021, Petitioner Isaac Torres ("Petitioner"), a pretrial detainee proceeding pro se, filed a 187-page Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, wherein Petitioner purports to be challenging a pending criminal case against him on speedy trial grounds and for failure to timely conduct his preliminary hearing. Dkt. 1 ("Petition" or "Pet."). He requests an "order to show cause" and evidentiary hearing, and incorporates his habeas petition filed in the California Supreme Court in which he sought dismissal of the criminal case. Pet. at 7-8, 15-16 (CM/ECF pagination).

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District

Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Pursuant to Rule 4 of the Habeas Rules, the Court has conducted a preliminary review of the Petition and finds it is subject to dismissal for the reasons explained below.

## I.

## RELEVANT PROCEDURAL BACKGROUND

Petitioner alleges that the Los Angeles County District Attorney's Office filed a five-count felony complaint against him on October 12, 2019, and he has been in custody since his arrest on November 15, 2019. Pet. at 10, 39. Since that time, Petitioner's requests for "a public and speedy trial" have been denied. Id. at 10. On October 30, 2020, the prosecutor dismissed and refiled the charges. Id. at 10, 52-54. Petitioner contends he has made "numerous 'objections' to the superior court's denial of his requests for a speedy trial rights and '[i]llegal [p]roceedings.'" Id. at 10, 15.

On March 8, 2021, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on March 11, 2021. Pet. at 6. On April 5, 2021, Petitioner filed a habeas petition in the California Supreme Court. Id. at 6, 13-21. That petition was denied on May 26, 2021. Id. at 6, 12.

Meanwhile, on April 12, 2021, Petitioner filed a petition for writ of mandamus in the California Court of Appeal, which was denied on April 16, 2021. Pet. at 6, 10. Petitioner claims he did not receive the denial until April 25, 2021, and "promptly" prepared a petition for review. Id. at 10. However, the petition for review was not received by the California Supreme Court until

May 13, 2021. Id. at 10-11. On May 20, 2021, the California Supreme Court returned his petition for review "unfiled," explaining that Petitioner was advised in a letter dated May 13, 2021 that his petition for review was untimely and he would need to submit an application for relief from default, which was not received, depriving the court of jurisdiction. Id. at 11, 182. Petitioner alleges that he sent a declaration to the California Supreme Court on May 29, 2021 explaining that he never received the May 13, 2021 letter, but, to date, he has not received a response. Id. at 11.

Based on the Court's review of the Los Angeles County Superior Court's online docket in Case No. BA491138, Petitioner is presently charged with violations of Cal. Penal Code §§ 140(a), 261(a)(2), 273.5(f)(1), 287(c)(2)(A), and 289(a)(1)(A) and trial has either commenced or will commence on August 2, 2021. Los Angeles County Superior Court, Criminal Case Summary at www.lacourt.org.[1]

## II.

## PETITIONER'S CLAIMS

1.      Petitioner has been denied his rights to a public and speedy trial in violation of the California Constitution and the Sixth Amendment of the U.S. Constitution. Pet. at 6, 15.

2.      Petitioner's second preliminary examination was set more than 10 court days after the arraignment, he remained in custody 10 court days before the preliminary examination, and he has not received any documents under

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant state records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

the new criminal case number. Pet. at 7, 16.

3.      The trial court erred in denying his habeas petition "alleging denial of motion to dismiss for speedy trial violations" in violation of the Fourteenth Amendment and the California Constitution. Pet. at 7, 17.

4.      The California Court of Appeal and California Supreme Court erroneously denied Petitioner's habeas petitions seeking dismissal of his criminal case without conducting an evidentiary hearing in violation of "the Due Process Clause under the Eighth Amendment." Pet. at 8, 15-16, 18.

5.      The California Supreme Court erroneously rejected his Petition for Review seeking review of the denial of his petition for writ of mandamus seeking dismissal of his criminal case. Pet. at 10, 75.

## III.

## DISCUSSION

**A.    _Younger_ Abstention Appears Warranted**

As best the Court can discern, Petitioner is seeking the dismissal of his underlying criminal case based on speedy trial grounds and the delay in conducting his preliminary examination. However, this Court must abstain from interfering with Petitioner's ongoing state prosecution. In accordance with the Younger abstention doctrine, the only potential relief available would be a prompt trial. Here, however, Petitioner's trial has already commenced, or is about to commence, and to the extent Petitioner is seeking such relief, he did not exhaust such a claim in the state supreme court.

"Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." Fritz v. Cty. of L.A. CA, 2012 WL 5197971, at *2 (C.D. Cal. Oct. 18, 2012) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488-93 (1973));

McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (as amended). However, as the Supreme Court has explained, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489.

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention applies to both attempts to preclude and/or stay criminal prosecutions and attempts to obtain more limited or piecemeal intervention in state criminal actions. See, e.g., Kugler v. Helfant, 421 U.S. 117, 130 (1975) (explaining that Supreme Court precedent establishes that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means"); Dubinka v. Judges of the Superior Ct. of Cal. for the Cty. of L.A., 23 F.3d 218, 223-26 (9th Cir. 1994) (concluding that a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained). Younger abstention is warranted when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise constitutional challenges; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceedings. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (citation omitted).

Abstention principles generally require federal courts to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises an affirmative defense to a state prosecution unless (1) the state proceedings are being undertaken in bad faith or to harass, where there is no "hope of

5

obtaining a valid conviction," or (2) "in other extraordinary circumstances where irreparable injury can be shown." <u>Brown v. Ahern</u>, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted); <u>see also</u> <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435-37 (1982); <u>Page v. King</u>, 932 F.3d 898, 902 (9th Cir. 2019). Irreparable injury alone, however, is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. <u>See</u> <u>Younger</u>, 401 U.S. at 46.

In this case, to the extent Petitioner seeks dismissal of the state criminal charges against him, principles of comity and federalism preclude this Court from granting Petitioner habeas relief. As noted, Petitioner's state criminal proceedings are ongoing. Petitioner is in pretrial custody and is awaiting trial on the criminal charges for which he is detained. Second the state's task of enforcing its laws against socially harmful conduct is "important and necessary," <u>Younger</u>, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. <u>See</u> <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Petitioner has an adequate opportunity to raise his federal habeas claims in his pending state proceedings. The fourth factor also is satisfied, as granting Petitioner the relief sought would have "'the practical effect of enjoining' the ongoing state judicial proceeding." <u>See</u> <u>Arevalo</u>, 882 F.3d at 765 (citation omitted).

Finally, there is nothing to indicate the circumstances of Petitioner's case fall within any recognized exception to the <u>Younger</u> doctrine. The delay in bringing Petitioner's case to trial does not constitute an "extraordinary circumstance" under <u>Younger</u>. <u>See</u> <u>Page</u>, 932 F.3d at 902. Courts have in "rare cases" declined to abstain where the delay was "extreme" and there was "no

end in sight" to the state court proceedings. Even then, however, <u>Younger</u> abstention is appropriate where there is "no indication that the state court has been ineffective." <u>Id.</u> (citation omitted). The delay in Petitioner's case does not qualify as one of those "rare cases" in which the delay has been extreme and there is no end in sight. <u>See</u> <u>Koch v. Price</u>, 2020 WL 5095487, at *3 (E.D. Cal. Aug. 28, 2020) (no exceptional circumstances existed even where the case had been pending for ten years), <u>findings and recommendation adopted by</u> 2020 WL 5942358 (E.D. Cal. Oct. 7, 2020). The delay in Petitioner's case is attributable to a once-in-a-century global pandemic that has resulted in the death of millions of people, and not attributable to the ineffectiveness of the state court. <u>See</u> Pet. at 46, 49, 67.

Further, to the extent Petitioner asserts his speedy trial argument creates an "extraordinary circumstance," the Ninth Circuit has held that a claimed violation of the Speedy Trial Clause in and of itself is not an independent "extraordinary circumstance" necessitating pre-trial habeas consideration. <u>Brown</u>, 676 F.3d at 901. "[A]bsent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution." <u>Id.</u> at 900.

In <u>Braden</u>, the petitioner sought habeas relief, claiming a denial of his constitutional right to a speedy trial and requesting an order directing the respondent to afford him an immediate trial on his then three-year old Kentucky indictment. 410 U.S. at 485. The Supreme Court held that the petitioner was entitled to raise his speedy trial claim at that time because: (1) he was in custody within the meaning of 28 U.S.C. § 2241; (2) he exhausted all available state remedies; and (3) he did not seek to litigate a defense to a criminal charge, but instead, sought a prompt trial. <u>Id.</u> at 488-90. Under these limited circumstances, no "legitimate interest of federalism" was jeopardized

7

by allowing the petitioner to seek Section 2241 relief. Id. at 492. The Supreme Court emphasized, however, that nothing in its decision "would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 493.

Here, unlike the petitioner in Braden, it does not appear that Petitioner is merely seeking a prompt trial, particularly given that trial has commenced, or will commence shortly, and he failed to exhaust such a claim in the state supreme court. Although there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Here, based on the documents attached to the Petition, it appears Petitioner has not sought a prompt trial in the California Supreme Court. Rather, he has consistently and repeatedly raised a speedy trial claim as an affirmative defense to the state prosecution, seeking dismissal of the criminal charges against him. As such, to the extent Petitioner requests a prompt trial in this action, considerations of comity and federalism preclude Petitioner from proceeding to federal court without first exhausting this claim in state court. See Fritz, 2012 WL 5197971, at *4 ("Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate."). Thus, here, a claim of a speedy trial violation alone does not constitute an extraordinary circumstance. The alleged issues that Petitioner claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then the state appellate courts, before he seeks a federal writ of habeas corpus.

Thus, <u>Younger</u> abstention is appropriate to the extent the Petition challenges Petitioner's underlying state criminal proceedings. When <u>Younger</u> applies, and the petitioner seeks injunctive relief, as the Petition does here by requesting the dismissal of the pending criminal charges, the Court has no discretion to grant injunctive relief. <u>See</u> <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 816 n.22 (1976); <u>Garrison v. California</u>, 2018 WL 2106488, at *2 (N.D. Cal. May 7, 2018). To the extent Petitioner otherwise seeks a prompt trial, that claim is subject to dismissal for failure to exhaust in state court.

**B.    <u>Several of Petitioner's Claims are Non-Cognizable</u>**

Additionally, to the extent Petitioner is relying on state law, such claims are subject to dismissal as non-cognizable. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. <u>See</u> 28 U.S.C. § 2254(a); <u>McGuire</u>, 502 U.S. at 67-68.

Here, several of Petitioner's claims rely on violations of the California Constitution and state law. Petitioner alleges violations of the California Constitution in Grounds One and Three, and he relies entirely on a violation of state law in support of Ground Two. <u>See</u> Pet. at 6-7, 16. Further, Petitioner cites no authority in support of Ground Five, let alone identify a federal constitutional violation. <u>Id.</u> at 10-11. These claims are not cognizable on federal habeas review and subject to summary dismissal.

**C.    <u>Petitioner Did Not Pay the Filing Fee</u>**

Finally, Petitioner did not pay the $5 filing fee for a federal habeas

9

petition (see 28 U.S.C. § 1914(a)) and did not alternatively file a completed application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915. The Clerk is directed to send Petitioner a form IFP Application by a person in custody, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

## IV.

## CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response **by no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a).

Petitioner is cautioned that the failure to timely respond to this Order will result in this action being dismissed for the reasons explained above, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated:  July 19, 2021

_____
JOHN D. EARLY
United States Magistrate Judge

10