UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ISAAC TORRES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALEX VILLANUEVA,<br><br>　　　　　Respondent. | Case No. 2:21-cv-05546-RGK-JDE<br><br>ORDER RE: SUMMARY DISMISSAL OF ACTION |

## I.

## INTRODUCTION

On July 8, 2021, Petitioner Isaac Torres ("Petitioner"), a pretrial detainee proceeding pro se, filed a 187-page Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, that purports to challenge a pending criminal case against him on speedy trial grounds and for failure to timely conduct his preliminary hearing. Dkt. 1 ("Petition" or "Pet."). He requests an "order to show cause" and evidentiary hearing, and incorporates his habeas petition filed in the California Supreme Court in which he sought dismissal of the criminal case. Pet. at 7-8, 15-16 (CM/ECF pagination).

　　A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C.

§ 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Having conducted a review of the Petition pursuant to Habeas Rule 4, and with Petitioner having been advised of the Petition's defects and having had an opportunity to be heard, for the reasons set forth below, the Court finds this matter is subject to summary dismissal.

## II.

## RELEVANT PROCEDURAL BACKGROUND

Petitioner alleges that the Los Angeles County District Attorney's Office filed a five-count felony complaint against him on October 12, 2019, and he has been in custody since his arrest on November 15, 2019. Pet. at 10, 39. Since that time, Petitioner's requests for "a public and speedy trial" have been denied. Id. at 10. On October 30, 2020, the prosecutor dismissed and refiled the charges. Id. at 10, 52-54. Petitioner contends he has made "numerous 'objections' to the superior court's denial of his requests for a speedy trial rights and '[i]llegal [p]roceedings.'" Id. at 10, 15.

On March 8, 2021, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on March 11, 2021. Pet. at 6. On April 5, 2021, Petitioner filed a habeas petition in the California Supreme Court. Id. at 6, 13-21. That petition was denied on May 26, 2021. Id. at 6, 12.

Meanwhile, on April 12, 2021, Petitioner filed a petition for writ of mandamus in the California Court of Appeal, which was denied on April 16, 2021. Pet. at 6, 10. Petitioner claims he did not receive the denial until April

25, 2021, and "promptly" prepared a petition for review. Id. at 10. However, the petition for review was not received by the California Supreme Court until May 13, 2021. Id. at 10-11. On May 20, 2021, the California Supreme Court returned his petition for review "unfiled," explaining that Petitioner was advised in a letter dated May 13, 2021 that his petition for review was untimely and he would need to submit an application for relief from default, which was not received, depriving the court of jurisdiction. Id. at 11, 182. Petitioner alleges that he sent a declaration to the California Supreme Court on May 29, 2021 explaining that he never received the May 13, 2021 letter, but, to date, he has not received a response. Id. at 11.

Based on the Court's review of the Los Angeles County Superior Court's online docket in Case No. BA491138, Petitioner is presently charged with violations of Cal. Penal Code §§ 140(a), 261(a)(2), 273.5(f)(1), 287(c)(2)(A), and 289(a)(1)(A) and a pretrial conference is scheduled for August 20, 2021. Los Angeles County Superior Court, Criminal Case Summary at www.lacourt.org.[1]

As noted, Petitioner filed the Petition on July 8, 2021. On July 19, 2021, the assigned magistrate judge issued an Order to Show Cause Why the Petition Should Not Be Dismissed, noting, among other defects, the defects set forth below, and providing Petitioner an opportunity to respond. Dkt. 4 ("OSC"). On August 5, 2021, Petitioner filed his Response to the OSC. Dkt. 6 ("Response").

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant state records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

# III.
# PETITIONER'S CLAIMS

1. Petitioner has been denied his rights to a public and speedy trial in violation of the California Constitution and the Sixth Amendment of the U.S. Constitution. Pet. at 6, 15.

2. Petitioner's second preliminary examination was set more than 10 court days after the arraignment, he remained in custody 10 court days before the preliminary examination, and he has not received any documents under the new criminal case number. Pet. at 7, 16.

3. The trial court erred in denying his habeas petition "alleging denial of motion to dismiss for speedy trial violations" in violation of the Fourteenth Amendment and the California Constitution. Pet. at 7, 17.

4. The California Court of Appeal and California Supreme Court erroneously denied Petitioner's habeas petitions seeking dismissal of his criminal case without conducting an evidentiary hearing in violation of "the Due Process Clause under the Eighth Amendment." Pet. at 8, 15-16, 18.

5. The California Supreme Court erroneously rejected his Petition for Review seeking review of the denial of his petition for writ of mandamus seeking dismissal of his criminal case. Pet. at 10, 75.

# IV.
# DISCUSSION

**A.   *Younger* Abstention Is Warranted**

As best the Court can discern, Petitioner is seeking the dismissal of his underlying criminal case based on speedy trial grounds and the delay in conducting his preliminary examination. However, this Court must abstain from interfering with Petitioner's ongoing state prosecution. In accordance with the Younger abstention doctrine, the only potential relief available would be a prompt trial. Here, however, Petitioner's trial has already commenced, or

4

is about to commence, and to the extent Petitioner is seeking such relief, he did not exhaust such a claim in the state supreme court.

"Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." Fritz v. Cty. of L.A. CA, 2012 WL 5197971, at *2 (C.D. Cal. Oct. 18, 2012) (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488-93 (1973)); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (as amended). However, as the Supreme Court has explained, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489.

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention applies to both attempts to preclude and/or stay criminal prosecutions and attempts to obtain more limited or piecemeal intervention in state criminal actions. See, e.g., Kugler v. Helfant, 421 U.S. 117, 130 (1975) (explaining that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means"); Dubinka v. Judges of the Superior Ct. of Cal. for the Cty. of L.A., 23 F.3d 218, 223-26 (9th Cir. 1994) (finding a request to enjoin enforcement of a criminal discovery statute and suppress evidence obtained under that statute could not be entertained). Younger abstention is warranted when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise

constitutional challenges; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceedings. Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).

Abstention principles generally require federal courts to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises an affirmative defense to a state prosecution unless (1) the state proceedings are being undertaken in bad faith or to harass, where there is no "hope of obtaining a valid conviction," or (2) "in other extraordinary circumstances where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted); see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982); Page v. King, 932 F.3d 898, 902 (9th Cir. 2019). Irreparable injury alone, however, is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. See Younger, 401 U.S. at 46.

In this case, to the extent Petitioner seeks dismissal of the state criminal charges against him, principles of comity and federalism preclude this Court from granting Petitioner habeas relief. As noted, Petitioner's state criminal proceedings are ongoing. Petitioner is in pretrial custody and is awaiting trial on the criminal charges for which he is detained. Second, the state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Petitioner has an adequate opportunity to raise his federal habeas claims in his pending state proceedings. The fourth factor also is satisfied, as granting Petitioner the relief sought would have "'the

practical effect of enjoining' the ongoing state judicial proceeding." See Arevalo, 882 F.3d at 765 (citation omitted).

Finally, there is nothing to indicate the circumstances of Petitioner's case fall within any recognized exception to the Younger doctrine. The delay in bringing Petitioner's case to trial does not constitute an "extraordinary circumstance" under Younger. See Page, 932 F.3d at 902. Courts have in "rare cases" declined to abstain where the delay was "extreme" and there was "no end in sight" to the state court proceedings. Even then, however, Younger abstention is appropriate where there is "no indication that the state court has been ineffective." Id. (citation omitted). The delay in Petitioner's case does not qualify as one of those "rare cases" in which the delay has been extreme and there is no end in sight. See Koch v. Price, 2020 WL 5095487, at *3 (E.D. Cal. Aug. 28, 2020) (no exceptional circumstances existed even where the case had been pending for ten years), findings and recommendation adopted by 2020 WL 5942358 (E.D. Cal. Oct. 7, 2020). The delay in Petitioner's case is attributable to a once-in-a-century global pandemic that has resulted in the death of millions of people, and not attributable to the ineffectiveness of the state court. See Pet. at 46, 49, 67.

Further, to the extent Petitioner asserts his speedy trial argument creates an "extraordinary circumstance," the Ninth Circuit has held that a claimed violation of the Speedy Trial Clause in and of itself is not an independent "extraordinary circumstance" necessitating pre-trial habeas consideration. Brown, 676 F.3d at 901. "[A]bsent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution." Id. at 900.

In Braden, the petitioner sought habeas relief, claiming a denial of his constitutional right to a speedy trial and requesting an order directing the

respondent to afford him an immediate trial on his then three-year old Kentucky indictment. 410 U.S. at 485. The Supreme Court held that the petitioner was entitled to raise his speedy trial claim at that time because: (1) he was in custody within the meaning of 28 U.S.C. § 2241; (2) he exhausted all available state remedies; and (3) he did not seek to litigate a defense to a criminal charge, but instead, sought a prompt trial. Id. at 488-90. Under these limited circumstances, no "legitimate interest of federalism" was jeopardized by allowing the petitioner to seek Section 2241 relief. Id. at 492. The Supreme Court emphasized, however, that nothing in its decision "would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 493.

     Here, unlike in Braden, it does not appear Petitioner is merely seeking a prompt trial, particularly given that it appears trial will commence shortly, and he failed to exhaust such a claim in the state supreme court. Although there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Here, based on the documents attached to the Petition, it appears Petitioner has not sought a prompt trial in the California Supreme Court. Rather, he has consistently and repeatedly raised a speedy trial claim as an affirmative defense to the state prosecution, seeking dismissal of the criminal charges against him. As such, to the extent Petitioner requests a prompt trial in this action, considerations of comity and federalism preclude Petitioner from proceeding to federal court without first exhausting this claim in state court. See Fritz, 2012 WL 5197971, at *4 ("Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court

without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate."). Thus, here, a claim of a speedy trial violation alone does not constitute an extraordinary circumstance. The alleged issues that Petitioner claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then the state appellate courts, before he seeks a federal writ of habeas corpus.

In his Response to the OSC, Petitioner cites to United States v. Olson, 995 F.3d 683 (9th Cir. 2021), a case applying the federal Speedy Trial Act, 18 U.S.C. § 3161. However, the Ninth Circuit's decision in Olson, which reversed a dismissal of an indictment based on an alleged violation of the federal Speedy Trial Act, is of no assistance to Petitioner, who is not facing federal charges and thus, is not subject to the federal Speedy Trial Act. Further, the court in Olson did not address the Younger abstention doctrine or consider the scope of any exceptions thereto.

Thus, Younger abstention is appropriate to the extent the Petition challenges Petitioner's underlying state criminal proceedings. When Younger applies, and the petitioner seeks injunctive relief, as the Petition does here by requesting the dismissal of the pending criminal charges, the Court has no discretion to grant injunctive relief. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Garrison v. California, 2018 WL 2106488, at *2 (N.D. Cal. May 7, 2018). To the extent Petitioner otherwise seeks a prompt trial, that claim is subject to dismissal for failure to exhaust in state court.

### B. Several of Petitioner's Claims are Non-Cognizable

Additionally, to the extent Petitioner is relying on state law, such claims are subject to dismissal as non-cognizable. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502

U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68.

Here, several of Petitioner's claims rely on violations of the California Constitution and state law. Petitioner alleges violations of the California Constitution in Grounds One and Three, and he relies entirely on a violation of state law in support of Ground Two. See Pet. at 6-7, 16. Further, Petitioner cites no authority in support of Ground Five, let alone identify a federal constitutional violation. Id. at 10-11. In his Response to the OSC, Petitioner states "No warrant exist[s] to my knowledge for my Arrest which violates" the Fourth Amendment, but the Petition makes no unlawful arrest claim. The Petition's state law claims are not cognizable on federal habeas review and subject to summary dismissal.

## V.
## ORDER

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 23, 2021

*/s/ Gary Klausner*
R. GARY KLAUSNER
United States District Judge

Presented by:

*/s/ John D. Early*
John D. Early
United States Magistrate Judge